IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 6:09CR009-16 |
| | § | |
| PEGGY ANN HELM | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 14, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Peggy Ann Helm. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Craig Bass.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 50 Grams but Less than 200 Grams of Methamphetamine, a Class B felony. The offense carried statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. On January 6, 2010, Chief District Judge Leonard Davis sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment. On November 1, 2011, Defendant completed the term of imprisonment and began her term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from excessively using alcohol, purchasing, possessing, using, distributing, or administering any narcotic or controlled substance. In its petition, the government alleges that Defendant violated her term of supervised release by possessing methamphetamine as evidenced by submissions of

urine specimens on May 9, 2013; May 30, 2013; and June 4, 2013 that tested positive for methamphetamine.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine,[1] Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 10 months imprisonment, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Peggy Ann Helm be committed to the custody of the Bureau of Prisons for a term of imprisonment of 10 months, with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 14th day of August, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] Such an offense is a violation of Texas Health and Safety Code § 481.115.